No. 616

### SCHUR-HIRST CO. v. AMALGAMATED CLOTHING WORKERS

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5434. Decided May 24, 1926.

(Hauck, PJ., Sayre and Middleton, JJ., of the Fourth District, stitting by designation).

**639. INJUNCTION.**

1. Injunctions must operate in future, and equities of parties must be determined as they exist at time of hearing.

2. Court will not grant injunction on ground that defendant was attempting to pursuade employes to breach contract of employment where evidence shows that plaintiff was trying to induce third parties to breach contracts with defendant.

Appeal from Common Pleas. Petition dismissed.

**First Publication of this Opinion**

MIDDLETON, J.

This cause is here on appeal from the Court of Common Pleas of this county. It is an action to restrain the defendant, a union labor organization, from picketing the manufacturing plant of the plaintiff company. An injunction was granted by the lower court.

At the time of the submission of this action it was suggested to counsel that conditions and surroundings may have changed materially since the date of the first trial and that some additional testimony and perhaps amendments to the pleadings might be necessary to bring the equities of the plaintiff "up to date." To this suggestion, it was urged that under the provisions of 12223, GC., this question was not in the case, but that the court should hear the case on the original pleadings and the evidence in support thereof. We do not concur in this view of the situation. We believe it to be the rule that by reason of the fact that injunctions must operate in future the equities of the parties must be determined as they exist at the time of the hearing in an Appellate Court. Duplex Co. v. Deering, 254 US. 443.

One of the main, and it might well be said, the determinative question, in the proceedings is the right of defendant by persuasion or otherwise, to induce the employees of plaintiff, to breach their contracts of employment. The plaintiff is a corporation engaged in the manufacture of men's clothing. The evidence shows that it employs, directly at its place of business, between ten and twenty-five men, who cut and trim garments, and that the work of setting up same is then given to outside firms or persons. The evidence shows that the defendant is a joint labor board composed of various labor unions and that prior to this action it had written contracts with certain companies or firms, including those which were making garments for the plaintiff. By the terms of these contracts said companies were bound to employ only union labor. It is averred in the answer and shown by the evidence that the plaintiff company, through its officers and agents, induced and procured said companies aforesaid to breach their contracts and to discharge their union employees.

In light of these facts it would be an unconscionable exercise of the powers of a court of equity to grant this company an injunction on the ground that the defendant was attempting to persuade its employees to break their contracts of employment with it, because the plaintiff is not here with clean hands.

We are satisfied that the evidence fully supports the claim that there was a legitimate trade dispute, and that there was and is a bona fide strike on the part of those who are connected with labor organizations. There is no evidence of any unlawful acts or intimidation on the part of the defendant or its representatives in this case. With the exception of the complaint in respect to the alleged interference with the contracts of employement the facts in evidence bring this case within the doctrine of LaFrance Co. v. Electrical Workers, 108, OS. 61.

In view of these considerations we find, on the facts, against the complainant and its petition is dismissed.

(Mauck, PJ., and Sayre, J., concur).

Attorneys—Reed, Meals, Orgill and Maschke for Schur-Hirst Co., Cline & Patterson for Clothing Workers; all of Cleveland.